UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

AMEER B.,[1]

                          Plaintiff,

v.

ACTING COMMISSIONER OF SOCIAL
SECURITY,

                          Defendant.
_____

**DECISION AND ORDER**

1:21-cv-01296 (JJM)

        This is an action brought pursuant to 42 U.S.C. §§405(g) and 1383(c)(3) to review the final determination of the Commissioner of Social Security that plaintiff was not entitled to supplemental security income ("SSI") benefits. Before the court are the parties' cross-motions for judgment on the pleadings [7, 9].[2] The parties have consented to my jurisdiction [11]. Having reviewed their submissions [7, 9, 10], plaintiff's motion is granted.

**BACKGROUND**

        The parties' familiarity with the 764-page administrative record [6] is presumed. Further, the parties have comprehensively set forth in their papers plaintiff's treatment history

---

[1] In accordance with the guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, which was adopted by the Western District of New York on November 18, 2020 in order to better protect personal and medical information of non-governmental parties, this Decision and Order will identify the plaintiff by first name and last initial.

[2] Bracketed references are to the CM/ECF docket entries. Page references to the administrative record are to the Bates numbering. All other page references are to the CM/ECF pagination.

and the relevant medical evidence. Accordingly, I refer only to those facts necessary to explain my decision.

After plaintiff's claims were denied ([6] at 15), an administrative hearing was held on January 27, 2021 by telephone before Administrative Law Judge ("ALJ") Sujata Rodgers.  See id. at 33-57 (transcript of hearing).  The plaintiff, who was represented by counsel, and a vocational expert testified.  Id.  On February 9, 2021, ALJ Rodgers issued a decision finding that plaintiff was not disabled.  Id. at 15-27 (Decision). Following an unsuccessful request for review with the Appeals Council (id. at 1-4), plaintiff initiated this action.

### A.  ALJ Rodgers's RFC Determination

ALJ Rodgers found that plaintiff's severe impairment was "degenerative disc disease".[3]  Id. at 18.  He also determined that plaintiff had the residual functional capacity ("RFC") to perform light work, with additional limitations:

> "[T]he claimant has the residual functional capacity to perform light work . . . except that he could frequently climb ramps, stairs, ladders, ropes, and scaffolds.  He could frequently balance on slippery or narrow surfaces, as well as frequently stoop, kneel, crouch, and crawl.  He could understand, remember, and carry out simple and routine instructions for 2-hour periods over an 8-hour workday and 40-hour workweek."

Id. at 21.

To support his RFC findings, ALJ Rodgers considered opinions concerning plaintiff's functional limitations from three sources:  1) state agency medical consultants C.

---

[3]   Plaintiff does not challenge this finding.

Krist, D.O. and B. Stouter, M.D.[4]; 2) consultative examiner John Schwab, D.O.; and 2) plaintiff's treating chiropractor, Scott A. Croce, D.C. Id. at 24. ALJ Rodgers found the state medical consultants' opinions "partially persuasive", Dr. Schwab's opinion "generally persuasive", and Dr. Croce's opinions "unpersuasive".

Plaintiff's primary argument is that ALJ Rodgers erred in his treatment of three of Dr. Croce's opinions. Plaintiff's Memorandum of Law [7-1] at 12-19. Specifically, plaintiff argues that remand is required because the ALJ "ignored Dr. Croce's opinions from August and September 2020" and failed to "explicitly consider the supportability and consistency" of the January 2021 opinion. Id. at 12, 14. Finally, plaintiff argues that ALJ Rodgers "failed to tether the physical RFC to any substantial evidence" because the RFC is "more restrictive than the opinions of Drs. Stouter, Krist, and Schwab", but does not cite to any evidence to support the functional limitations incorporated into the RFC. Id. at 19-20.

The Commissioner argues that ALJ Rodgers was not required to comment on the August and September 2020 opinions because they were "duplicative, or even less favorable to Plaintiff, than those in the more detailed January 2021 assessment". Commissioner's Brief [9-1] at 25. Further, the Commissioner argues that plaintiff's challenge of the ALJ's analysis of the January 2021 opinion is merely a "disagreement with the ALJ's evaluation of Dr. Croce's opinion", but "does not identify any error in the ALJ's analysis". Id.

I agree with plaintiff that ALJ Rodgers was required to consider Dr. Croce's August and September 2020 functional opinions, but failed to do so. Therefore, the RFC is not supported by substantial evidence.

---

[4]     Neither Dr. Krist's nor Dr. Stouter's first names appear in the record.

## ANALYSIS

**A.     Standard of Review**

"A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by 'substantial evidence' or if the decision is based on legal error." Shaw v. Chater, 221 F.3d 126, 131 (2d Cir. 2000) (quoting 42 U.S.C. § 405(g)).  Substantial evidence is that which a "reasonable mind might accept as adequate to support a conclusion".  Consolidated Edison Co. of New York. Inc. v. NLRB, 305 U.S. 197, 229 (1938).  It is well settled that an adjudicator determining a claim for disability insurance benefits and/or SSI employs a five-step sequential process.  Shaw, 221 F.3d at 132; 20 C.F.R. §§ 404.1520, 416.920.  The plaintiff bears the burden with respect to steps one through four, while the Commissioner has the burden at step five.  See Talavera v. Astrue, 697 F.3d 145, 151 (2d. Cir. 2012).

**B.     ALJ Rodgers Failed to Support the RFC with Substantial Evidence**

An ALJ's review of medical evidence in a claimant's file, for claims filed on or after March 27, 2017[5], is governed by 20 C.F.R. § 404.1520c, entitled "[h]ow we consider and articulate medical opinions and prior administrative medical findings for claims filed on or after March 27, 2017".  Under this new regulation, "the Commissioner must consider all medical opinions and 'evaluate their persuasiveness' based on the following five factors:  supportability; consistency; relationship with the claimant; specialization; and 'other factors'".  Andrew v. Commissioner, 2020 WL 5848776, *5 (N.D.N.Y. 2020) (quoting 20 C.F.R. §§ 404.1520c(a)-(c), 416.920c(a)-(c)).  "Of the five factors the ALJ is to consider in evaluating the persuasiveness of

---

[5]     Plaintiff filed his claim on August 16, 2019.  Administrative Record [6] at 15.

- 4 -

medical opinions, consistency and supportability are the most important". Ricky L. v. Commissioner, 2022 WL 2306965, *3 (W.D.N.Y. 2022).

An ALJ is "duty-bound to review all of the evidence before her, resolving inconsistencies, and make a disability determination that is consistent with the evidence as a whole". Rice v. Commissioner, 2020 WL 4283894, *4 (W.D.N.Y. 2020). "While Dr. Croce is a chiropractor whose opinion is not entitled to the same weight as a treating physician . . . failure to provide any analysis of a chiropractor's opinion can result in a circumstance where the court is unable to conclude that the ALJ's decision is supported by substantial evidence". Oscar C. V Commissioner, 2022 WL 1746774 *4 (W.D.N.Y. 2022). Although ALJ Rodgers was not required to accept Dr. Croce's opinion concerning plaintiff's functional abilities, he *was* required to support his determination with substantial evidence, that is, a sufficient explanation resting on "adequate findings supported by evidence having rational probative force". Veino v. Barnhart, 312 F.3d 578, 586 (2d Cir. 2002); *see also* Healy o/b/o "TAH" v. Commissioner, 2020 WL 419358, *4 (W.D.N.Y. 2020) ("[t]his lack of specificity in addressing Robertson's extensive treatment prevents the Court from conducting a meaningful review of the ALJ's reasoning").

The ALJ is required "to construct an accurate and logical bridge between his recitation of the facts and the conclusions he reached". Lopez obo Y.T. v. Commissioner of Social Security, 2020 WL 4504987, *2 (W.D.N.Y. 2020). When an ALJ rejects an opinion from a medical source concerning plaintiff's functional abilities, he or she must explain why the opinion was not adopted. *See* Dioguardi v. Commissioner of Social Security, 445 F.Supp.2d 288, 297 (W.D.N.Y. 2006) ("[u]nder the Commissioner's own rules, if the ALJ's 'RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted.' Soc. Sec. Ruing 96-8p (1996)").

First, I note that ALJ Rodgers did not incorporate any page citations into his analysis of plaintiff's RFC. Instead, he cited entire exhibits at the conclusion of many paragraphs, or failed to make any citation at all. *See* Administrative Record [6] at 20-26. This makes it difficult to determine what evidence he considered, especially in his discussions of the supportability and consistency of the opinion evidence with other evidence in the record. The use of an exhibit citation, without more, is insufficient to ensure that the ALJ considered all of the evidence contained in an exhibit. Loni S. v. Commissioner, 2023 WL 4195887, *16 n. 11 (N.D.N.Y, 2023) ("[t]he ALJ's citation to over one hundred pages of hospital records is insufficient to ensure consideration of all of plaintiff's hospitalizations and the impact on the severity determination where the ALJ did not once mention the additional hospitalizations in his decision").

Second, I agree with plaintiff that ALJ Rodgers but was required to incorporate into his decision an analysis of Dr. Croce's August and September 2020 opinions, but failed to do so. His opinion does not indicate that he considered the functional limitations included in those opinions. His analysis of Dr. Croce's opinions states in its entirety:

> "I find that the functional assessment submitted by Dr. Croce, the claimant [*sic*] chiropractor is unpersuasive. The limitations identified, including no ability to stand or walk even 2 hours in an 8-hour workday and no postural movements is not supported by objective physical examination findings and the claimant reported range of daily activities. I also note that statements regarding the claimant's disability status in Dr. Croce's chiropractic notes are conclusory and unsupported by the record, as well as are a matter reserved for the Commissioner."

Id. at 24. He then cites several exhibits that contain a number of Dr. Croce's functional opinions and treatment notes (exhibits C8F, C11F, and C20F), but does not cite the exhibit that contains the August and September 2020 opinions (C19F). Id. at 24, *citing* 432-33, 443-614, 752-64; *but*

*not citing* 685-751. My review of his analysis revealed a single citation to exhibit C19F. He cited that exhibit, along with others, to support his statement that "[t]he claimant continued to undergo chiropractic treatment", in compliance with the recommendation of his neurologist. Id. at 22, *citing* 685-751. Nowhere in his decision does he specifically discuss, or otherwise cite to, the August or September 2020 opinions.

The August and September 2020 opinions state that plaintiff may return to work with restrictions, including no lifting greater than 20 pounds; avoiding sitting, standing, or walking greater than 2 hours;[6] and avoiding repetitive bending, stooping, twisting, and squatting. Id. at 732. ALJ Rodgers specifically rejected Dr. Croce's other opinions because they "include[ed] no ability to stand or walk even 2 hours". This suggests that, had he reviewed the August 2020 opinion, in which Dr. Croce stated plaintiff had that ability, he would have discussed it and/or found it more persuasive than Dr. Croce's other opinions. Further, had he found persuasive the limitations for sitting, walking, and standing incorporated into the August and September 2020 opinions, and resolved in plaintiff's favor the ambiguities inherent in those opinions, he could have determined that plaintiff's limitations precluded light - or even sedentary - work. *See* Perez v Chater, 77 F.3d 41, 46 (2d Cir 1996) ("[s]edentary work also generally involves up to two hours of standing or walking and six hours of sitting in an eight-hour work day"); *see also* 20 C.F.R. §§ 416.967(a) ("[a]lthough a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties") and (b) ("a job is in this [light work] category when it requires a good deal of walking or

---

[6] The opinions, submitted on a check-box form, state only that the claimant should "[a]void sitting longer" than "2 hours" and should "[a]void standing/walking" for "2 hours". It is unclear whether this limits plaintiff to sitting, standing and walking for no more than two hours at one time, or for no more than two hours in an eight-hour workday. For these reasons, the opinion is ambiguous. Upon remand, the ALJ must consider and resolve this ambiguity.

standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls").

The Commissioner argues that the ALJ was not required to address the August and September 2020 opinions because "these reports were 'largely identical' to Dr. Croce's January 2021 opinion, which the ALJ did discuss". Commissioner's Brief [9-1] at 25. The Commissioner asserts that "the only significant difference in these opinions was with respect to Plaintiff's ability to lift and/or carry; in the August and September 2020 reports, Dr. Croce assessed that Plaintiff could lift and carry up to 20 pounds . . . which, in fact, was entirely consistent with the ALJ's RFC determination for light work". Id. at 26.

I agree that the ALJ was not required to address separately the many duplicative opinions in the record. Grega v. Saul, 816 Fed. Appx. 580, 582 (2d Cir. 2020) (Summary Order) ("we have declined to remand where the excluded evidence is . . . essentially duplicative of evidence considered by the ALJ"). However, I do not agree that the August and September 2020 opinions are duplicative of the January 2021 opinion. Dr. Croce's statements concerning plaintiff's ability to sit, stand, and walk in the January 2021 opinion appear to differ significantly from his opinions in the August and September 2020 opinions. Dr. Croce stated in his January 2021 opinion that plaintiff can sit and stand zero minutes "at one time". Administrative Record [6] at 755. Where asked to "indicate how long your patient can sit and stand/walk *total in an 8-hour working day* (with normal breaks)", Dr. Croce placed zeros next to the option for "less than 2 hours" for both sitting and standing/walking. Id. at 756. However, in the August and September 2020 opinions, Dr. Croce stated that plaintiff should "[a]void sitting longer" than 2 hours and should "[a]void standing/walking" 2 hours. Id. at 732-33. Further, the January 2021 opinion stated that plaintiff could "never" perform any head/neck or postural activities, including

looking down, right, left, or up; holding his head in a static position, twisting, stooping/bending, crouching/squatting, climbing ladders, and climbing stairs. Id. at 757. However, the August and September 2020 opinions stated that plaintiff should avoid repetitive bending, stooping, twisting and squatting, but indicated there were no limitations for head/neck movements, awkward head positions, kneeling, or climbing. Id. at 732-33. These differences demonstrate that the August and September 2020 opinions are not "largely identical" to the January 2021 opinion. Accordingly, had the ALJ considered those opinions, his analysis of their persuasiveness and consistency with other evidence in the record may have differed from his analysis of the January 2021 opinion, and affected his conclusions of plaintiff's RFC.

Remand is therefore necessary in order for ALJ Rodgers to properly address the opinion evidence discussed above and to further develop the record, if necessary. Accordingly, I do not reach plaintiff's remaining arguments. See Stack, 2020 WL 5494494, *6 ("[b]ecause the Court has determined that remand is warranted on this basis, it need not reach plaintiff's remaining arguments").

## CONCLUSION

For the reasons stated above, plaintiff's motion for judgment on the pleadings [7] is granted to the extent that this matter is remanded to the Commissioner for further proceedings consistent with this Decision and Order, and the Commissioner's motion for judgment on the pleadings [9] is denied.

**SO ORDERED**.

Dated: August 14, 2023

/s/ _____
JEREMIAH J. MCCARTHY
United States Magistrate Judge